**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

**UNITED STATES OF AMERICA,**

    **Plaintiff-Respondent,**

vs.                                          No.   CIV 00-0621 JC/LCS
                                                                           CR 97-286 JC

**KENNETH CHEE,**

    **Defendant-Movant.**

**MAGISTRATE JUDGE'S PROPOSED FINDINGS
AND RECOMMENDED DISPOSITION**

    1.     This matter is before the Court on the Defendant's (Chee) Motion to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody pursuant to 28 U.S.C. § 2255.  Chee, currently incarcerated and represented by appointed counsel, attacks the Judgment and Sentence entered on January 30, 1998, in the case styled *United States of America v. Kenneth Chee*, and numbered CR 97-286 JC, United States District Court for the District of New Mexico.  The United States Magistrate Judge, having considered the arguments, pleadings, relevant law, and being otherwise fully informed, finds that the Motion is not well-taken in part and recommends that it be **DENIED** in part.

    2.     On May 7, 1997, a federal grand jury returned a five-count indictment against Chee, a Navajo.  The indictment charged Chee with maiming Lynn Dawes, his Navajo common-law wife under tribal custom, between or about June 1, 1992 and August 31, 1992 in Indian Country, in violation of 18 U.S.C. §§ 114 and 1153 (Count I); assault resulting in serious bodily injury of Lynn Dawes between or about March 1, 1993 and May 31, 1993 in Indian Country, in violation of 18

U.S.C. §§ 113(a)(6) and 1153 (Count II); and three separate counts of aggravated sexual abuse against Lynn Dawes on or about October 2, 1995 in Indian Country, in violation of 18 U.S.C. §§ 2, 1153, 2241(a) and 2246(a)(A) (Counts III, IV and V). The basis for the three aggravated sexual abuse counts against Chee was that just before Chee raped Dawes himself, he ordered his brother and cousin to rape her and forced her to submit to them while he watched.

    3.    The Federal Public Defender was appointed to represent Chee. (Doc. 7.) On August 19, 1997, after a two-day jury trial, Chee was convicted of all five counts. (Doc. 35.) On October 27, 1997, Chee asked the Court to appoint replacement counsel as he had lost confidence in his trial counsel. (Doc. 37.) On the same day, the Court appointed Chee's current counsel to represent him. (Doc. 38.) On January 27, 1998, Chee was sentenced to concurrent terms of 188 months incarceration on each count, to be followed by concurrent three-year terms of supervised release. (Doc. 48.)

    4.    Chee filed a timely notice of appeal. (Doc. 49.) On direct appeal, Chee argued that the trial court erred in denying his motion to sever the maiming and assault counts from the sexual abuse counts; in denying his motion for judgment of acquittal based upon the insufficiency of the government's evidence; in admitting prejudicial hearsay testimony; in granting an upward departure of six levels in sentencing on Counts I and II; in increasing the offense level calculation for Count III by two points; and that he received ineffective assistance of counsel at trial. The Tenth Circuit affirmed on May 3, 1999, in an unpublished opinion. *See United States v. Chee*, 1999 WL 261017, *5 (10th Cir. 1999). Chee filed a petition for a writ of certiorari with the United States Supreme Court. The Supreme Court denied certiorari on October 4, 1999. Chee filed his Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255 on May 2, 2000.

5.      In his § 2255 Motion, Chee contends that the trial court should have granted his motion for judgment of acquittal on Count I (Issue1); the trial court should have granted his motion for a judgment of acquittal on Count II (Issue 2); he received ineffective assistance of counsel at trial (Issue 3); the trial court erred in making a six-level upward adjustment to Chee's offense levels for Counts I and II (Issue 4); and in increasing the offense level calculation for Count III by two points (Issue 5).

6.      The § 2255 Motion, filed within one year of the denial of certiorari, is timely under the Antiterrorism and Effective Death Penalty Act (AEDPA). *See* 28 U.S.C. § 2255.

7.      Chee raised all of the claims raised herein on direct appeal. The Tenth Circuit ruled against Chee on all of his claims, except for his ineffective assistance of counsel claim, which it dismissed without prejudice. As Issues 1, 2, 4, and 5 were resolved on direct appeal, they are not subject to review herein. *See United States v. Warner*, 23 F.3d 287, 291 (10th Cir. 1994) (issues considered and addressed on direct appeal may not be raised on collateral review under § 2255); *United States v. Cook*, 997 F.2d 1312, 1318 n.6 (10th Cir. 1993) (issues addressed on direct appeal not cognizable under § 2255).

8.      In his Reply to the United States' Answer, Chee contends that claims addressed on direct appeal are cognizable in this § 2255 proceeding, if he is able to establish a fundamental miscarriage of justice. (Movant's Reply to United States' Answer to Def.'s Mot. Pursuant to 28 U.S.C. § 2255 and Req. for Evid. Hr'g at 2.) Chee is mistaken. Absent an intervening change in law, issues disposed of on direct appeal are not subject to consideration in a § 2255 collateral attack. *See United States v. Prichard*, 875 F.2d 789, 791 (10th Cir.1989); *United States v. Nolan*, 571 F.2d 528, 530 (10th Cir. 1978). The fundamental miscarriage of justice exception applies only to issues that

were not raised on direct appeal. *See Warner*, 23 F.3d at 291; *Cook*, 997 F.2d at 1320. Issues 1, 2, 4, and 5 were raised on direct appeal.  Under these circumstances, collateral review is available only upon a showing of a change in law.  *See Prichard*, 875 F.2d at 791. Chee has not demonstrated an intervening change in the law with respect to Issues 1, 2, 4, and 5.  Therefore, these issues are not subject to collateral review under § 2255 and should be dismissed.

        9.        The Tenth Circuit did not address Chee's ineffective assistance of counsel claim, but instead dismissed it pursuant to *United States v. Galloway*, 56 F.3d 1239 (10th Cir. 1995). *Galloway* holds that ineffective assistance of counsel claims should be brought in collateral proceedings, and not on direct appeal.  *See Galloway*, 56 F.3d at 1240.  Thus, Chee's claim of ineffective assistance of counsel is subject to review in this § 2255 action.

        10.        In order to establish ineffective assistance in contravention of the Sixth Amendment, Chee must show that: (1) his counsel's performance was constitutionally deficient, and (2) he was prejudiced by such deficient performance.  *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). To show his counsel was constitutionally deficient, Chee must demonstrate that his "counsel's representation fell below an objective standard of reasonableness." *Strickland*, 466 U.S. at 688. Counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment.  *See Strickland*, 466 U.S. at 690.  In order to demonstrate prejudice, Chee must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  *Strickland,* 466 U.S. at 694.

        11.        Chee claims his trial counsel, Assistant Federal Public Defender Phillip Medrano, was ineffective because he failed to renew his motion for judgment of acquittal as to Counts I and II;  and

failed to tender jury instructions on specific intent and intoxication as a defense to forming specific intent as to Count I.[1]

12.     The record reflects that the trial Court *sua sponte* found that Defendant renewed his motion for judgment of acquittal as to Counts I and II and that the motion was again denied. (*See* Order and J. at 6; Tr. Vol. 2 at 196.)  In light of the trial Court's *sua sponte* consideration of the motion for judgment of acquittal, Chee is unable to demonstrate that Mr. Medrano's failure to renew it constituted cause within the meaning of *Strickland*.  Moreover, the Tenth Circuit found that the evidence was sufficient to support Chee's convictions as to Counts I and II, and affirmed the denial of the motion for judgment of acquittal.  (*See* Order at J. at 6-11.)  Therefore, the motion for judgment of acquittal.  Failure to raise an issue that lacks merit does not constitute ineffective assistance of counsel.  *See United States v. Cook*, 45 F.3d 388, 393 (10th ir. 1995).  As the Tenth Circuit concluded that the trial Court correctly denied the motion, Chee is unable to demonstrate that he was prejudiced by Mr. Medrano's decision to not renew the motion.  Hence, Chee is unable to demonstrate cause or prejudice within the meaning of *Strickland*.

13.     Chee's second contention in support of his claim for ineffective assistance of counsel requires additional factual development.  The Tenth Circuit recognized that Mr. Medrano may have

---

[1] In support of his argument that counsel was ineffective in failing to renew the motions for directed verdict, Chee contends that Mr. Medrano failed to point out that the Government had not established that the offense charged in Count I occurred sometime near June 1, 1992 to August 31, 1992. (*See* Movant's Br. in Supp. of Mot. Pursuant to 28 U.S.C. § 2255 at 11.) In its Response, the Government characterizes this as an argument that the statute of limitations had run as to Count I. However, such an argument would not be supported by the law. The applicable statute of limitations provides that "no person shall be prosecuted, tried, or punished for any offense, not capital, unless the  indictment is found or the information is instituted within five years next after such offense shall have been committed."18 U.S.C. § 3282.  As Chee was indicted on May 7, 1997, and the offenses were alleged to have occurred "[b]etween or about June 1, 1992 to August 31, 1992" Count I would not be barred by the statute of limitations and such an argument would be without merit.

made a tactical decision not to request a jury instruction on intoxication with respect to the maiming count. (*See* Order and J. at 14)  The Tenth Circuit reasoned that Mr. Medrano may have anticipated that extensive evidence of Chee's intoxication would prejudice him on the sexual abuse counts, which did not require specific intent, by portraying him as person who would be unable to realize that his sexual partner did not consent to sex with him and others. *See id.*  It is true that strategic decisions of counsel are not lightly second-guessed. *See Jackson v. Shanks*, 143 F.3d 1313, 1319-20 (10th Cir. 1998); *United States v. Limehouse*, 950 F.2d 501, 504 (7th Cir. 1992).  However, in light of the Tenth Circuit's determination, an evidentiary hearing is necessary to allow Mr. Medrano to explain his reasoning and actions on the record. *See United States v. Chee*, 1999 WL 261017, *5 (10th Cir. 1999) (citing *Galloway*, 56 F.3d at 1240)).  Therefore, an evidentiary hearing should be set as the calendar of the Court permits.

## Recommended Disposition

I recommend that Issues 1, 2, 4 and 5 of Chee's Motion Under 28 U.S.C. §2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody be **DISMISSED**.  I further recommend that all aspects of Issue 3, other than the claim relating to the decision not to tender jury instructions on specific intent and intoxication as a defense to forming specific intent as to Count I, be **DISMISSED.**  An evidentiary hearing on the issue of whether the decision not to tender jury instructions on specific intent and intoxication as a defense to forming specific intent as to Count I constituted ineffective assistance of counsel shall be set by separate order.

Timely objections to the foregoing may be made pursuant to 28 U.S.C. §636(b)(1)(C). Within ten days after a party is served with a copy of these proposed findings and recommendations that party may, pursuant to §636(b)(1)(C), file written objections to such proposed findings and

recommendations with the Clerk of the United States District Court, 333 Lomas Blvd. NW, Albuquerque, NM 87102. A party must file any objections within the ten day period allowed if that party wants to have appellate review of the proposed findings and recommendations. If no objections are filed, no appellate review will be allowed.

_____
**LESLIE C. SMITH**
**UNITED STATES MAGISTRATE JUDGE**