IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**UNITED STATES OF AMERICA,**

    **Plaintiff-Respondent,**

vs.                                                    No.     CIV 00-0621 JC/LCS
                                                                                                  CR 97-286 JC

**KENNETH CHEE,**

    **Defendant-Movant.**

## MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION REGARDING INEFFECTIVE ASSISTANCE OF COUNSEL

    **THIS MATTER** is before the Court on the Defendant's (Chee) Motion to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody pursuant to 28 U.S.C. § 2255. Chee, currently incarcerated and represented by appointed counsel, attacks the Judgment and Sentence entered on January 30, 1998, in the case styled *United States of America v. Kenneth Chee*, and numbered CR 97-286 JC, United States District Court for the District of New Mexico. The United States Magistrate Judge, having considered the arguments, pleadings, relevant law, and being otherwise fully informed, finds that the Motion is not well-taken in part and recommends that it be **DENIED**.

### PROPOSED FINDINGS

    1.     On May 7, 1997, a federal grand jury returned a five-count indictment against Chee, a Navajo. The indictment charged Chee with maiming Lynn Dawes, his Navajo common-law wife under tribal custom, between or about June 1, 1992 and August 31, 1992 in Indian Country, in

violation of 18 U.S.C. §§114 and 1153 (Count I); assault resulting in serious bodily injury of Lynn Dawes between or about March 1, 1993 and May 31, 1993 in Indian Country, in violation of 18 U.S.C. §§113(a)(6) and 1153 (Count II); and three separate counts of aggravated sexual abuse against Lynn Dawes on or about October 2, 1995 in Indian Country, in violation of 18 U.S.C. §§ 2, 1153, 2241(a) and 2246(a)(A) (Counts III, IV and V).  The basis for the three aggravated sexual abuse counts against Chee was that just before Chee raped Dawes himself, he ordered his brother and cousin to rape her and forced her to submit to them while he watched.

2. The Federal Public Defender was appointed to represent Chee.  (Doc. 7.)  On August 19, 1997, after a two-day jury trial, Chee was convicted of all five counts.  (Doc. 35.)  On October 27, 1997, Chee asked the Court to appoint replacement counsel as he had lost confidence in his trial counsel.  (Doc. 37.)  On the same day, the Court appointed Chee's current counsel to represent him. (Doc. 38.)  On January 27, 1998, Chee was sentenced to concurrent terms of 188 months incarceration on each count, to be followed by concurrent three-year terms of supervised release. (Doc. 48.)

3. Chee filed a timely notice of appeal.  (Doc. 49.)  On direct appeal, Chee argued that the trial court erred in denying his motion to sever the maiming and assault counts from the sexual abuse counts; in denying his motion for judgment of acquittal based upon the insufficiency of the government's evidence; in admitting prejudicial hearsay testimony; in granting an upward departure of six levels in sentencing on Counts I and II; in increasing the offense level calculation for Count III by two points; and that he received ineffective assistance of counsel at trial.  The Tenth Circuit affirmed on May 3, 1999, in an unpublished opinion. *See United States v. Chee*, 1999 WL 261017, \*5 (10th Cir. 1999).  Chee filed a petition for a writ of certiorari with the United States Supreme

Court. The Supreme Court denied certiorari on October 4, 1999. Chee filed his Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255 on May 2, 2000.

    4.    In his § 2255 Motion, Chee contends that the trial court should have granted his motion for judgment of acquittal on Count I (Issue1); the trial court should have granted his motion for a judgment of acquittal on Count II (Issue 2); he received ineffective assistance of counsel at trial (Issue 3); the trial court erred in making a six-level upward adjustment to Chee's offense levels for Counts I and II (Issue 4); and in increasing the offense level calculation for Count III by two points (Issue 5).

    5.    On August 29, 2000, I issued Proposed Findings and Recommended Disposition, recommending that Issues 1, 2, 4 and 5 be dismissed, and that all aspects of Issue 3, other than the claim relating to the decision not to tender jury instructions on specific intent and intoxication as a defense to forming specific intent as to Count I, be dismissed as well. An evidentiary hearing on the issue of whether the decision not to tender jury instructions on specific intent and intoxication as a defense to forming specific intent as to Count I constituted ineffective assistance of counsel was held on October 13, 2000. At the hearing, Defendant called his trial counsel, Assistant Federal Public Defendant Phillip Medrano, Esq., to testify. In addition to the jury instruction issue, Defendant was permitted to make an offer of proof as to portions of his ineffective assistance of counsel claim that I recommended be dismissed. However, only the jury instruction aspect of the ineffective assistance of counsel claim is discussed herein as the remaining aspects of this claim were addressed in my Proposed Findings and Recommended Disposition of August 29, 2000.

    6.    In order to establish ineffective assistance in contravention of the Sixth Amendment, Chee must show that: (1) his counsel's performance was constitutionally deficient, and (2) he was

prejudiced by such deficient performance. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). To show his counsel was constitutionally deficient, Chee must demonstrate that his "counsel's representation fell below an objective standard of reasonableness." *Strickland*, 466 U.S. at 688. Counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment. *See Strickland*, 466 U.S. at 690. In order to demonstrate prejudice, Chee must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland,* 466 U.S. at 694.

7.    Chee claims that Mr. Medrano was ineffective because he failed to tender jury instructions on specific intent and intoxication as a defense to forming specific intent as to Count I. The Tenth Circuit recognized that Mr. Medrano may have made a tactical decision not to request a jury instruction on intoxication with respect to the maiming count. (*See* Order and J. at 14)  The Tenth Circuit reasoned that Mr. Medrano may have anticipated that extensive evidence of Chee's intoxication would prejudice him on the sexual abuse counts, which did not require specific intent, by portraying him as person who would be unable to realize that his sexual partner did not consent to sex with him and others. *See id.*

8.    At the evidentiary hearing, Mr. Medrano testified that, before trial, he researched the question of whether to tender an instruction on voluntary intoxication in Devitt & Blackmar. Based on his research, Mr. Medrano believed that the intoxication theory could be argued as a defense, but was not appropriate as a jury instruction. Mr. Medrano testified that he should have tendered a jury instruction on intoxication, that his failure to do so "was a big error" and was not a trial tactic or strategic decision. Mr. Medrano further testified that the absence of a voluntary intoxication

4

instruction might have influenced jury's consideration of Count I.  In his opinion, his performance fell below accepted standard of practice and the defense was prejudiced by the error.

9. In order to prevail on his claim of ineffective assistance of counsel, Chee must establish both the performance and prejudice prongs of *Strickland*.  *See id.*, 466 U.S. at 697  In some cases, it is appropriate to proceed directly to the issue of prejudice:  "[t]he Supreme Court has observed that often it may be easier to dispose of an ineffectiveness claim for lack of prejudice than to determine whether the alleged errors were legally deficient."  *United States v. Haddock*, 12 F.3d 950, 955 (10th Cir.1993).  In this case, Chee has failed to establish either prong of *Strickland*.

10. A defendant is not guilty of a specific intent offense if voluntary intoxication prevented the defendant from forming the specific mens rea required for that crime.  *See United States v. Sands*, 968 F.2d 1058, 1064 (10th Cir.1992); *United States v. Soundingsides*, 820 F.2d 1232, 1242 (10th Cir.1987); *United States v. Boyles*, 57 F.3d 535, 541 (7th Cir.1995); *United States v. Echeverry*, 759 F.2d 1451, 1454 (9th Cir.1985).  In order to merit an intoxication instruction the defendant must point to some evidence of mental impairment due to the consumption of alcohol sufficient to negate the existence of specific intent.  *See United States v. Briseno-Mendez*, 1998 WL 440279 *11 (10th Cir. 1998) (*citing United States v. Boyles*, 57 F.3d at 542 (7th Cir. 1995)).

11. A review of the record establishes that the evidence adduced at trial did not support an instruction on voluntary intoxication with respect to the 1992 maiming charge.  The only evidence directly pertaining to Chee's intoxication at the time of the maiming incident was the testimony of the victim's sister, Jennifer Dawes.  This witness testified: "That was like '92, I seen, like, in the afternoon, the evening, they came out to my house and they were like - Kenneth he was like drunk . . ." (Trial Transcript, 8-18-97, at 83.)  Jennifer Dawes further testified that Chee subsequently beat

Lynn Dawes, and that the next morning, Lynn Dawes' lip had been bitten. (Trial Transcript, 8-18-97, at 84-87.) The record contains additional evidence of Chee's drinking, but none of it relates to the directly to the crime charged in Count I.

12. Although the testimony of Jennifer Dawes shows that Chee was drinking before the maiming incident, there was no evidence that Chee's consumption of alcohol caused a mental impairment sufficient to negate the existence of specific intent. An intoxication instruction was not warranted under these circumstances. *See Briseno-Mendez* \*12. The trial court would not have given a voluntary intoxication instruction even if one had been tendered because the evidence did not support such an instruction. Therefore, Chee has failed to establish prejudice.

13. Moreover, Mr. Medrano's performance was not deficient within the meaning of *Strickland*. Mr. Medrano testified as to his opinion that his performance fell below accepted standard of practice when he failed to tender an intoxication instruction. However, Mr. Medrano's subjective opinion is not dispositive of this question. To establish deficient performance, a defendant must show that "counsel 'committed serious errors in light of "prevailing professional norms "'in that the representation fell below an objective standard of reasonableness." *Brecheen v. Reynolds*, 41 F.3d 1343, 1365 (10th Cir. 1994). Objectively, Mr. Medrano's failure to tender an intoxication instruction was not deficient performance because the evidence did not warrant such an instruction. Accordingly, Chee has failed to show that he received ineffective assistance of counsel.

### RECOMMENDED DISPOSITION

I recommend that Chee's Motion Under 28 U.S.C. §2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody be **DENIED** and this case **DISMISSED**.

Timely objections to the foregoing may be made pursuant to 28 U.S.C. §636(b)(1)(C).

Within ten days after a party is served with a copy of these proposed findings and recommendations that party may, pursuant to §636(b)(1)(C), file written objections to such proposed findings and recommendations with the Clerk of the United States District Court, 333 Lomas Blvd. NW, Albuquerque, NM 87102.  A party must file any objections within the ten day period allowed if that party wants to have appellate review of the proposed findings and recommendations.  If no objections are filed, no appellate review will be allowed.

_____
**LESLIE C. SMITH**
**UNITED STATES MAGISTRATE JUDGE**